IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Ernest Dwayne Riley,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20cv937 (CMH/JFA) |
| | ) | |
| **Officer Pensabene, et al.,** | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Before the Court is a Motion to Dismiss ("Motion") filed by defendant Officer Pensabene ("Pensabene" or "defendant") in this civil rights action filed by federal prisoner Ernest Dwayne Riley ("plaintiff"). [Dkt. Nos. 20-21]. In his complaint, plaintiff alleges that Pensabene and another unidentified officer of the Arlington County Police Department violated his constitutional rights by conducting an unlawful search of cell phones they discovered in his car. [Dkt. No. 1]. In support of his Motion, defendant asserts that plaintiff's claim is (1) barred by the doctrine espoused in Heck v. Humphrey, 512 U.S. 477 (1994); (2) estopped due to admissions plaintiff made in a guilty plea colloquy; (3) without merit due to a break in the causal chain of events; and (4) not supportive of the imposition of punitive damages. [Dkt. No. 21]. Plaintiff has filed two oppositions to the Motion [see Dkt. Nos. 24, 28] which Pensabene has replied to [Dkt. No. 25] and opposed [Dkt. No. 29], respectively. For the reasons that follow, the Court concludes that Pensabene's Motion must be granted in part and denied in part.

**I. Standard of Review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a court to consider the sufficiency of a complaint, not to resolve contests surrounding facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d

943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To do so, the complaint must allege specific facts in support of each element of each claim it raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. Id.

In assessing a Rule 12(b)(6) motion, a court's inquiry focuses on the complaint itself, but in assessing the complaint's adequacy, the reviewing court "may [also] consider official public records, documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed." Stoney Glen, LLC v. S. Bank & Tr. Co., 944 F. Supp. 2d 460, 464 (E.D. Va. 2013); see also Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006).

## II. Facts

What follows is a summation of the complaint's allegations as well as relevant information from materials subject to judicial notice. At approximately 7:45 a.m. on July 17, 2019, plaintiff was driving in the area of Route 50 and N. Pierce St. in Arlington, Virginia. [Dkt. No. 1] at 7. Defendant, an officer with the Arlington County Police Department, pulled plaintiff over, concluded that plaintiff's registration was forged or fraudulent, and thus arrested him. Id. Defendant then "initiated a search incident to arrest" and "recovered multiple items out of plaintiff's vehicle," including two cell phones. Id. Defendant seized the phones and, at an unspecified time and without a warrant, accessed their contents, which included "text messages, photographs, and incoming/outgoing phone calls." Id. Defendant allegedly then furnished the United States Attorney for the Eastern District of Virginia with the cell phone data and information just described. Id. at 8.

2

As it turns out, even before plaintiff's arrest by local authorities, a federal grand jury sitting in Norfolk, Virginia, had returned a three-count indictment against plaintiff, charging plaintiff with:

1. Possessing a firearm after sustaining a conviction for a crime punishable by imprisonment for a term exceeding one year, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

2. Making a false statement during the purchase of a firearm, a violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2); and

3. Making a false statement in records required to be maintained by a federally licensed firearms dealer, a violation of 18 U.S.C. § 924(a)(1)(A).

United States v. Riley, No. 2-19-cr-124 (E.D. Va.), [Dkt. No. 3]. In response, on July 10, 2019, Magistrate Judge Krask issued a warrant for plaintiff's arrest, which an agent of the Bureau of Alcohol, Tobacco, and Firearms ("ATF") executed on July 23, 2019. Id. at Dkt. No. 5.

On August 12, 2019, Judge Krask issued two search warrants for the cell phones found in plaintiff's car at the time of his arrest. See Case No. 2:19-sw-109 (E.D. Va. Aug. 12, 2019). Approximately one month later, on September 16, 2019, plaintiff pleaded guilty to the first count of his indictment. See United States v. Riley, No. 2-19-cr-124 (E.D. Va.), [Dkt. Nos. 26-27].[1] The statement of facts incorporated into the plea agreement indicated that Pensabene's initial traffic stop was lawful but did not refer to plaintiff's cell phones. Id.

Nevertheless, at sentencing, the United States relied on evidence from plaintiff's phones to seek a firearm felony sentencing enhancement. The government urged, for example, that an image recovered from plaintiff's phone showed $60,000 in cash next to a firearm, that text message conversations indicated plaintiff received shipments of drugs from California, and that financial accounts showed the proceeds of drug transactions. [Dkt. No. 21] at Ex. E, pp. 2, 8, 10.

---

[1] The government agreed to dismiss counts two and three. Id. at Dkt. No. 26, ¶ 9.

3

Plaintiff claims to have suffered "emotional injury" in the aftermath of the alleged events. [Dkt. No. 1] at 10.

### III. Analysis

For the reasons that follow, it is clear that plaintiff is not entitled to all of the relief he seeks in this action, but defendant is equally not entitled to outright dismissal of the complaint.

**A.** **General Availability of Compensatory, Nominal, and Punitive Damages; Injunctive and Declaratory Relief**

Congress has enacted several statutes to narrow the scope and number of prisoner claims addressable by federal district courts. One such statute, 42 U.S.C. § 1997e(e), states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This provision is relevant because the complaint underlying this action fails to allege any physical injury. [See Dkt. No. 1]. Indeed, the only harm it describes is "emotional injury" resulting from defendant's actions. [Dkt. No. 1] at 10.

The complaint's concession that plaintiff suffered only emotional harm bars him from seeking compensatory damages from defendant. See Jones v. Price, 696 F. Supp. 2d 618, 624 (N.D.W. Va. 2010) ("Absent a showing of physical injury, § 1997e(e) bars an inmate from seeking compensatory damages in all federal civil actions alleging constitutional violations and mental or emotional injuries."). A majority of circuit courts of appeals have held, however, that a lack of physical harm does not bar a plaintiff from pursuing declaratory and injunctive relief or nominal and punitive damages. See, e.g., Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that plaintiff was not barred from recovering injunctive or declaratory relief despite absence of physical injury); Hutchins v. McDaniels, 512 F.3d 193, 197–198 (5th Cir. 2007) (allowing an inmate to seek recovery of nominal and punitive damages for violation of his

Fourth Amendment rights); Calhoun v. DeTella, 319 F.3d 936, 941 (7th Cir. 2003) (same, for Eighth Amendment violation).

**B.     Defendant's Motion to Dismiss**

Having determined the precise scope of relief prospectively available to plaintiff, the Court proceeds to address defendant's arguments for dismissal of the complaint. Defendant asserts that plaintiff's claim is (1) barred by the doctrine espoused in Heck v. Humphrey, 512 U.S. 477 (1994); (2) estopped due to admissions plaintiff made in a plea colloquy; (3) without merit due to a break in the causal chain of events; and (4) insufficient to support a finding that plaintiff is entitled to punitive damages. [Dkt. No. 21].

   *1.     The Fourth Amendment and Applicability of Heck v. Humphrey* [2]

Plaintiff claims that Pensabene violated his rights under the Fourth Amendment by accessing his cell phones without first obtaining a search warrant. [Dkt. No. 1]. Without question, this allegation supports a viable Fourth Amendment claim. See Riley v. California, 573 U.S. 373, 401 (2014) ("[A] warrant is generally required before [a search of the information on a cell phone], even when a cell phone is seized incident to arrest.").

Defendant does not appear to contest this conclusion. Instead, he argues that Heck v. Humphrey precludes plaintiff from obtaining relief because information from the cell phones was later introduced during plaintiff's federal sentencing in support of a "firearm felony

---

[2] The Court notes that plaintiff's position on the applicability of Heck in this matter has evolved over time. In plaintiff's opposition to the Motion, he suggested that "the unlawful search of plaintiff's phone(s) and the evidence obtained from it led to the charges prosecuted against him and his unlawful confinement." [Dkt. No. 24] at 2. Plaintiff later sought to amend his motion to take a starkly different position, one not so clearly undermined by Heck. See [Dkt. Nos. 27, 28]. The Court denied plaintiff's efforts to amend his opposition but nevertheless finds that Heck does not bar plaintiff's claim. Indeed, the facts before the Court stand in contrast to the position taken in plaintiff's opposition, and the Court's inquiry must be guided by the contents of the complaint and rendered through a lens deferential to plaintiff's pro se status.

5

enhancement," and, pursuant to Heck, "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (interpreting Heck). [Dkt. No. 21] at 5. Defendant's statement of the law is accurate, but, as the Fourth Circuit has recognized, "civil claims based on unreasonable searches do not *necessarily* imply that the resulting criminal convictions [or sentences] were unlawful." Covey v. Assessor of Ohio Cnty., 777 F.3d 186, 197 (4th Cir. 2015). Only "[w]hen evidence derived from an illegal search would have to be suppressed in a criminal case … and the suppression would necessarily invalidate the criminal conviction [or sentence]" is a civil claim based on a Fourth Amendment violation precluded by Heck. See Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003). Consistent with this logic, "[a] valid conviction [or sentence] can still result after an improper search when doctrines such as independent source, inevitable discovery, or harmless error would alleviate the effect of the improper search." Covey, 777 F.3d at 197.

  The Court concludes that the "independent source doctrine" renders Heck inapplicable. Under this doctrine, items or information seized pursuant to a valid search warrant are not rendered inadmissible merely because a valid search was preceded by an unlawful one. See Murray v. United States, 487 U.S. 533, 542 (1988). Here, plaintiff alleges that Pensabene unlawfully accessed the contents of his cell phones. Defendant concedes that ATF agents later obtained a warrant to search those cell phones after obtaining them from the Arlington County Police, where Pensabene worked as an Officer. [Dkt. No. 21] at 4 (citing Case No. 2:19-sw-109 (E.D. Va. Aug. 12, 2019)). In line with these allegations, it appears that ATF's warrant-supported search of plaintiff's cell phone constituted an "independent source" of the information the phone contained and thus preserved the admissibility of that evidence. Accordingly, even if it were determined in this action that Pensabene did truly violate plaintiff's Fourth Amendment

6

rights in accessing plaintiff's cell phones, the evidence those phones contained would not need to be suppressed in plaintiff's federal criminal case, and Heck thus acts as no bar to the claim. Defendant's Heck-based argument is therefore denied.[3]

### 2. *Judicial Estoppel*

Defendant next argues that plaintiff is judicially estopped from claiming that Pensabene violated his Fourth Amendment rights because the claim is inconsistent with the facts plaintiff stipulated in his guilty plea. [Dkt. No. 21] at 9-11. "Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007). "The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996) (citation omitted). Judicial estoppel applies when three conditions are met: (1) the party to be estopped is seeking to adopt a factual position that is inconsistent with a stance taken in prior litigation, (2) the prior inconsistent position was accepted by the court, and (3) the party to be estopped intentionally misled the court to gain unfair advantage. Zinkland, 478 F.3d at 638.

Here, the Court finds that there is no true inconsistency between this lawsuit's claim and the facts stipulated at plaintiff's plea colloquy. Admittedly, the statement of facts incorporated into the plea agreement indicates that Pensabene's initial stop was lawful; however, as defendant himself concedes, the narrative "does not explicitly mention [plaintiff's] cell phones." [Dkt. No. 21] at 11. Because the complaint does not challenge the lawfulness of the initial stop and instead

---

[3] The Court's conclusion is based solely on information before it at the motion to dismiss stage. It is conceivable that Pensabene possesses evidence showing that he did not access plaintiff's cell phones at all or that the warrant obtained by ATF agents was not truly an independent source of the information presented at plaintiff's sentencing. To the extent this is so, defendant may present such evidence in a properly supported motion for summary judgment.

7

claims Pensabene erred through his "unreasonable search and seizure of cell phone contents without a search warrant or exigent circumstances," [Dkt. No. 1 at 4], it appears that the plea colloquy did not "distinctly put in issue [or] directly determine[]" whether Pensabene acted in violation of the Fourth Amendment in the manner claimed in this suit. See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568 (1951). For this reason, defendant's judicial estoppel argument is denied.

    3.    *Break in Causal Chain*

Defendant's third argument is that the "United States' prosecution of Plaintiff and federal officers' procurement of a search warrant for Plaintiff's phones breaks any causal chain with Officer Pensabene." [Dkt. No. 21] at 12. He contends that, as a result, the harm alleged in the complaint—"emotional injury" and "unlawful detention" of the cell phone, id.,—do not constitute "actionable injur[ies]" attributable to him. Id.

"[I]t is well settled that a plaintiff asserting a constitutional tort under § 1983 ... must, like any tort plaintiff, satisfy the element of [] causation." Adams v. Parsons, No. 2:10–CV–0423, 2011 WL 1464856, at *5 (S.D.W. Va. Apr. 15, 2011) (discussing a Rule 12(b)(6) motion to dismiss a Fourth Amendment malicious prosecution claim); see also Blue v. Bigos, 89 F.3d 827 (4th Cir. 1996) (per curiam) (unpublished) ("[P]roximate cause is part of a § 1983 plaintiff's burden.") (citing Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994)).

To determine whether defendant's alleged actions "caused" the harm plaintiff claims to have faced, we must first attempt to clarify what the harm plaintiff alleges is. The complaint does not provide much assistance; as defendant observes, it claims only that plaintiff suffered "emotional injury." [Dkt. No. 21] at 12. It does not provide details about the injury or specify whether the injury arose from defendant's actions or some other source, such as the acts of ATF agents or the conditions in plaintiff's correctional facility.

To the extent plaintiff's claim *is* that he suffered emotional injury due to the actions of ATF agents or his conditions of confinement, there is an obvious causal break entitling defendant to dismissal of the claim.[4] To the extent, however, plaintiff believes Pensabene's alleged actions themselves caused his emotional injury, any break in the causal chain does not entitle defendant to dismissal of the complaint, for a constitutional violation can, in and of itself, support the provision of certain forms of relief, such as nominal damages. See Carey v. Piphus, 435 U.S. 247, 248 (1978) (holding that, "in the absence of proof of actual injury," victims of constitutional violations "are entitled to recover [] nominal damages"); Overbey v. Mayor and City Council of Baltimore, No. DKC 17-1793, 2020 WL 5628987, at *3 (D. Md. Sept. 21, 2020) ("In the absence of actual harm, an award of nominal damages is appropriate.").

The Court is bound by a duty to hold pro se drafted complaints "to less stringent standards than formal pleadings drafted by lawyers." See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted). Assessed under such a charitable standard, the complaint states a plausible Fourth Amendment violation that could entitle plaintiff to nominal damages, and the Court therefore cannot accept defendant's causation argument. See id. (stating that a complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

4. *Entitlement to Punitive Damages*

Defendant finally argues that the complaint fails to state a claim for punitive damages. [Dkt. No. 21] at 13. Punitive damages may be appropriate where a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous

---

[4] There is reason to believe this is so; the documents plaintiff submitted alongside his renewed opposition indicate that the source of his anxiety were the acts of ATF agents. [See Dkt. No. 28-2]. These documents, however, are more properly considered in support of a motion for summary judgment than a motion to dismiss.

9

indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Here, the complaint does not provide *any* factual allegations with regard to the manner in which Pensabene supposedly accessed the contents of plaintiff's cell phone. Consequently, it cannot be inferred that Pensabene acted with the state of mind necessary to become liable for punitive damages. Cf. Evans v. Larchmont Baptist Church Infant Care Ctr., Inc., 956 F. Supp. 2d 695, 710 (E.D. Va. 2013) ("These conclusory statements, standing alone, cannot support an award of punitive damages because they do not allege sufficient factual matter to permit the reasonable inference that Larchmont engaged in intentional retaliation with malice or reckless indifference to Evans's federally protected rights.").

5. *Conclusion*

Consistent with the analysis above, the Court concludes that plaintiff is not foreclosed from seeking nominal damages, declarative relief, or injunctive relief from defendant. Conceivably, however, a well-supported motion for summary judgment could demonstrate that Pensabene did not access plaintiff's cell phone at all or that the federal search warrant ATF agents obtained was not truly an independent source of the information presented at plaintiff's sentencing. What's more, the information before the Court indicates that defendant is not in possession of plaintiff's cell phone and therefore would not be able to return it as plaintiff requests. These matters, though, are not properly resolved at the motion to dismiss stage. Consequently, defendant will be instructed to file, if warranted and appropriate, a properly supported motion for summary judgment addressing the claims that remain active in this lawsuit. An appropriate Order will issue alongside this Memorandum Opinion.

Entered this 8th day of Feb 2022.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia